**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| M-I, L.L.C., *et al.* } | |
| *Plaintiff(s)* } | |
| } | CONSOLIDATED |
| v. } | CIVIL ACTION NO. H-03-5044 |
| } | |
| DRESSER INDUSTRIES, INC., *et al.*, } | |
| *Defendant(s)* } | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions:

• Defendant Stora Enso North America Corp.'s ("SENA") motion to reconsider and vacate (Doc. 53)
• The Halliburton and Dresser Defendants' motion to dismiss the original complaint and for more definite statement (docketed as Doc. 8 in Civ. 04-3231)
• SENA's motion to sever and transfer (docketed as Doc. 14 in Civ. 04-3231)
• The Halliburton Defendants' motion to dismiss Plaintiffs' (corrected) first consolidated complaint (Doc. 72)
• SENA's motion to dismiss (Doc. 74)
• Defendants' motion for protective order and to quash (Doc. 83)

After reviewing the parties' briefs and the record, the Court **ORDERS** that SENA's motion to reconsider and vacate (Doc. 53) is **DENIED**. The present actions shall remain consolidated for all purposes as previously ordered by this Court.[1] In order to address SENA's concerns regarding its ability to timely prepare for trial, the Court **ORDERS** that the parties are to meet before the magistrate for a scheduling conference within **15 DAYS** of the entry of this Order, or at the earliest time available to the magistrate. The magistrate shall enter a new scheduling order designed to address SENA's concerns, but the magistrate shall not disturb the current trial setting unless SENA makes a substantial showing that this setting is unduly burdensome on it. Alternatively, the parties may reach an agreement regarding scheduling matters amongst themselves and, within 15 days of the entry of this Order, they may file an agreed motion for entry of their new proposed scheduling order. The Court further **ORDERS** that the Halliburton and Dresser Defendants' motion to dismiss the original complaint and for more definite statement (docketed as Doc. 8 in Civ. 04-

---

[1] *See* Doc. 49.

3231) is **DENIED** as moot and SENA's motion to sever and transfer (docketed as Doc. 14 in Civ. 04-3231) is **DENIED** without prejudice.

As to the remaining motions to dismiss (Docs. 72 & 74), the Court **ORDERS** that they are **GRANTED-IN-PART and DENIED-IN-PART**. In light of the Supreme Court's recent decision in *Cooper Industries, Inc. v. Aviall Services, Inc.*, _ _ U.S. _ _, 125 S.Ct. 577 (2004), the Court agrees with Defendants that Plaintiffs' § 113 claims must be dismissed, and indeed Plaintiffs appear to concede the point. In all other respects, however, the motions to dismiss are denied. In particular, the Court disagrees with Defendants' contention that *Aviall* requires dismissal of Plaintiffs' § 107 claims. The Supreme Court explicitly declined "to resolve the § 107 question" in *Aviall*.[2] Furthermore, this Court has previously determined that Fifth Circuit precedent indicates that PRPs are not precluded from asserting claims under § 107,[3] a determination that, if anything, was reinforced by the Supreme Court's *Aviall* opinion.[4] While Defendants have pointed to authority from other circuits on the § 107 issue, they have not directed this Court to any binding precedent suggesting that this Court should reconsider its prior ruling on this issue.[5] Accordingly, the motions to dismiss Plaintiffs' § 107 claims are denied.

Finally, the Court **ORDERS** that Defendants' motion for protective order (Doc. 83), which was filed on 06 April 2005 and to which Plaintiffs have filed no reply, is **GRANTED** as unopposed.[6]

---

[2] 125 S.Ct. at 585.

[3] *See* Order entered 08 April 2004 (citing *OHM Remediation Services v. Evans Cooperage, Co.*, 116 F.3d 1574 (5th Cir. 1997) and *Aviall Services, Inc. v. Cooper Industries, Inc.*, 312 F.3d 677 (5th Cir. 2002) (en banc) ("*Aviall II*")).

[4] *See* 125 S.Ct. at 588. Pointing to *Aviall II*, Justice Ginsburg, in a dissent joined by Justice Stevens, stated that the Fifth Circuit had essentially already made the determination that PRPs had an implied right of action under § 107. *Id.*

[5] Indeed, of the few decisions that have addressed the issue since the Supreme Court's *Aviall* opinion, the Court notes that it is most persuaded by the reasoning in *Vine Street LLC v. Keeling*, _ _ F.Supp.2d _ _, 2005 WL 675786 (E.D. Tex. Mar. 24, 2005) and *Metropolitan Water Reclamation District of Greater Chicago v. Lake River Corp.*, _ _ F.Supp.2d _ _, 2005 WL 925680 (N.D. Ill. Apr. 12, 2005), both of which hold that PRPs are not categorically barred from asserting § 107 claims.

[6] *See* Local Rules 7.3 & 7.4.

As an administrative matter, the Court **ORDERS** that the Clerk shall terminate Docket Instrument 45 as moot and shall terminate Docket Instrument 50 as **GRANTED** by Docket Instrument 49.

**SIGNED** at Houston, Texas, this 11th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE